IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIANA CERON BRAN, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ZUBHA POP FOODS, LLC d/b/a POPEYES LOUISIANA KITCHEN, CARLOS RIVERA, MARIO LOPEZ, and ANGELA LOPEZ,<br><br>Defendants. | Case No. 25 CV 4622<br><br>Honorable Sunil R. Harjani |

## **MEMORANDUM OPINION AND ORDER**

When Plaintiff Mariana Ceron Bran began her employment with Defendant Pop Foods, LLC, also known as Popeyes Louisiana Kitchen, in August 2023, she agreed to submit all employment-related disputes to arbitration. Two years later, she filed this putative class action under the Fair Labor Standards Act and Illinois law for unpaid overtime premiums. Popeyes asks this Court to hold Ceron Bran to her agreement by compelling arbitration and dismissing the action. Although a provision in the agreement on attorneys' fees is unenforceable, it is severable. Stripped of that provision, there is an enforceable agreement, which means they must proceed in arbitration. The Court grants Popeyes' motion [18], orders the parties to arbitrate the claims, and stays this action pending arbitration.

**Discussion**

Ceron Bran alleges that she worked for Popeyes at its Illinois fast-food restaurants. [1] ¶ 7. She alleges that at some point during her employment, she worked more than forty hours per week but received pay at the standard rate for those extra hours, rather than a mandatory, premium overtime rate. *Id.* ¶¶ 13–18. Ceron Bran includes three managers as Defendants because they

allegedly deprived her of the overtime premium. *Id.* ¶ 12. She brings claims under the Fair Labor Standards Act (FLSA) and Illinois Minimum Wage Law (IMWL) on behalf of herself and other Popeyes employees who she alleges did not receive overtime premiums.

Popeyes has filed a motion to compel arbitration based on the arbitration agreement that Ceron Bran signed at the beginning of her employment in August 2023. In evaluating a motion to enforce an arbitration agreement, a court may look beyond the complaint's allegations and consider the defendant's affidavit. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016) (applying Rule 12(b)(3) procedures to motion to compel arbitration); *Rodgers-Rouzier v. Am. Queen Steamboat Operating Co.*, 104 F.4th 978, 984 (7th Cir. 2024) (deeming *forum non conveniens* the preferred mechanism for evaluating motions to compel arbitration over Rule 12(b)(3), but stating that the principles remain the same). Popeyes attached to its motion a declaration by Popeyes' director of human resources attesting to and incorporating the Agreement, and the Agreement itself. Ceron Bran also attaches the Agreement to her response brief.[1] Accordingly, the Court will consider the Agreement alongside Plaintiff's allegations in determining the proper forum for Ceron Bran's claims. *Deb*, 832 F.3d at 809.

The Federal Arbitration Act (FAA) embodies a liberal federal policy in favor of arbitration. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505 (2018). "Under the FAA, arbitration should be compelled if three elements are present: (1) an enforceable written agreement to arbitrate, (2) a

---

[1] Ceron Bran claims that the Agreement is found in the employee handbook's "Dispute Resolution Policy" but does not argue that this weighs on its validity. Rather, she acknowledges that the handbook required numerous initials and signatures, like the signature observed on the Agreement. *See Melena v. Anheuser-Busch, Inc.*, 847 N.E.2d 99, 109 (Ill. 2006) (acknowledgement of company's dispute resolution policy and continued employment "provided the necessary consideration" to enforce the arbitration provision in the policy); *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 714 (7th Cir. 2019) (same). Ceron Bran also attaches to her response brief an arbitration agreement she signed with a non-party entity, which is not necessary to evaluate the Agreement made directly with Popeyes.

2

dispute within the scope of the arbitration agreement, and (3) a refusal to arbitrate." *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017) (citing 9 U.S.C. § 4). Ceron Bran does not dispute that her claims fall within the scope of the Agreement, which covers any dispute related to her employment. She is also refusing to arbitrate. Ceron Bran's sole argument is that the Agreement is not a valid, enforceable written agreement to arbitrate. She contends that it is unconscionable because it was a mandatory condition of employment, includes an improper limitation on discovery, and waives her statutory rights to mandatory damages, attorneys' fees, and costs if she prevails on her claims.

In Illinois, unconscionability renders the Agreement unenforceable. *Razor v. Hyundai Motor Am.*, 854 N.E.2d 607, 622 (Ill. 2006).[2] Unconscionability can be either procedural, substantive, or a combination of both. *Id.* "Procedural unconscionability refers to a situation where a term is so difficult to find, read, or understand that the plaintiff cannot fairly be said to have been aware [s]he was agreeing to it, and also takes into account a lack of bargaining power." *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 777 (7th Cir. 2014) (quoting *Razor*, 854 N.E.2d at 622). Substantive unconscionability "concerns the actual terms of the contract and examines the relative fairness of the obligations assumed." *Id.* (quoting *Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250, 267 (Ill. 2006)). That is present when terms are "inordinately one-sided." *Razor*, 854 N.E.2d at 622.

---

[2] Although the Agreement does not specify the governing law, the parties' "debate over its enforceability is framed entirely as a dispute about" Illinois law. *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 438 (7th Cir. 2012). And because Popeyes operates several restaurants in Illinois and that Ceron Bran worked here at all relevant times, Illinois has a significant relationship to the Agreement and the parties. *See Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 808–09 (7th Cir. 2020). Given these circumstances, the Court will apply Illinois law.

Beginning with procedural unconscionability, Ceron Bran claims that her employment was conditioned on signing the Agreement. Relevant factors for determining whether an agreement is procedurally unconscionable include whether each party had an opportunity to understand the terms of the contract, whether important terms were obscured by the formatting and font, and the circumstances surrounding contract formation, such as fraud or wrongdoing. *Jackson*, 764 F.3d at 777–78; *Koveleskie v. SBC Cap. Mkts., Inc.*, 167 F.3d 361, 367 (7th Cir. 1999). The Illinois Supreme Court has rejected a "take it or leave it" argument to render an agreement unenforceable. *Melena v. Anheuser-Busch, Inc.*, 847 N.E.2d 99, 109–10 (Ill. 2006) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991); *Oblix, Inc. v. Winiecki*, 374 F.3d 488, 491 (7th Cir. 2004)). "[T]he disparity in the size of the parties entering into the agreement without some wrongful use of that power is not enough to render an arbitration agreement unenforceable." *Koveleskie*, 167 F.3d at 367 (cleaned up). It only indicates an inequality in bargaining power, but "driving a hard bargain is not a wrongful act." *Id.*; *see Melena*, 847 N.E.2d at 110. Even assuming that the Agreement was non-negotiable, that only speaks to bargaining power and is insufficient for unconscionability. Ceron Bran makes no claim about fraud or wrongdoing by Popeyes before she signed the Agreement. *Id.* Indeed, in the Agreement, the terms are presented in a legible font and format, and Ceron Bran affirms the bold, capitalized sentences that she read it, had an opportunity to consider the terms, and knowingly and voluntarily agreed to arbitrate disputes.

Turning to substantive unconscionability, Ceron Bran argues that the Agreement contains inappropriate limitations on discovery. The Agreement limits each side to three fact-witness depositions, thirty discovery requests, and only four designated subjects for a corporate representative's deposition. [18-2] at 4. These limitations, however, can be modified by the parties, and any disputes can be resolved by the arbitrator. *Id.* Although discovery procedures in arbitration

4

"might not be as extensive as in the federal courts, by agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." *Gilmer*, 500 U.S. at 31 (cleaned up). As long as the limitations are not "so one-sided as to oppress or unfairly surprise an innocent party," they are permissible. *Kinkel*, 857 N.E.2d at 267 (citation omitted); *see, e.g.*, *Saxon v. Sw. Airlines Co.*, 2023 WL 2456382, at *4 (N.D. Ill. Mar. 10, 2023) (no unconscionability where arbitration agreement limited number of depositions, interrogatories, and requests for production). Here, the Agreement's discovery procedures apply equally to both parties. The terms, agreed upon two years ago, should come as no surprise to Ceron Bran, and do not generate unfairness based on her later decision to name four defendants. In all events, the Agreement provides adequate safeguards for her concerns by allowing the parties to jointly modify discovery procedures or submit disputes to the arbitrator.

Ceron Bran's remaining challenges to the Agreement concern the provisions that "the arbitrator may grant any remedy or relief that the arbitrator deems just and equitable, including . . . compensatory and exemplary damages, attorney's fees, costs, and other remedies to the extent those remedies would be available under applicable law in court," and that "[e]ach party will pay for their attorney if a party wishes to be represented by an attorney." [18-2] at 3–4. She argues that these provisions improperly waive her rights to receive certain damages, attorneys' fees, and costs mandated by the FLSA and IMWL if she prevails.

The FLSA provides that if the employee prevails, the employer is liable for the employee's unpaid overtime compensation, an additional, equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action. 29 U.S.C. § 216(b). This provision is mandatory, not discretionary. *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 740 (1981); *Rodgers-Rouzier*, 104 F.4th at 994 ("[P]arties may not generally waive the statutory wages the FLSA promises[.]");

5

*Fast v. Cash Depot, Ltd.*, 931 F.3d 636, 639 (7th Cir. 2019) (FLSA "makes an award of fees mandatory, not discretionary"). Similarly, the IMWL provides that a prevailing employee may recover the amount of her underpayments, a 5% monthly penalty interest, reasonable attorneys' fees, and costs. 820 ILCS 105/12(a). This distinct penalty interest is also mandatory. *Zavala-Alvarez v. Darbar Mgmt., Inc.*, 617 F. Supp. 3d 870, 891 (N.D. Ill. 2022).

The crux of Ceron Bran's concern is that the arbitrator will diverge from the statutory requirements and award lower damages. The Seventh Circuit's holding in *Livingston v. Associates Finance, Inc.*, 339 F.3d 553 (7th Cir. 2003), is instructive. There, the Seventh Circuit considered whether an arbitrator's discretion over attorneys' fees as "authorized by law or [the parties] arbitration agreement" contravened statutory fee restrictions on fee awards. *Id.* at 558. The court rejected this grant of authority as a basis for denying arbitration because it permitted an arbitrator to award or deny fees according to the statutory restrictions. *Id.* Moreover, there was no reason to assume that an arbitrator would not follow the law or could not be held accountable by the courts. *Id.* (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 232 (1987)); *see also, e.g.*, *Brown v. Luxottica Retail N. Am. Inc.*, 2010 WL 3893820, at *4 (N.D. Ill. Sept. 29, 2010) (no unconscionability because arbitrator's discretion over fees and costs "under certain circumstances authorized by applicable law" "merely require[d] the arbitrator to follow the law of fee-shifting" and demonstrated no basis for assuming the arbitrator would violate the law). In the same way, the Agreement's grant of discretion over damages squares with the damages required by the FLSA and IMWL. Under the Agreement, an arbitrator may award damages that "would be available under applicable law" to Ceron Bran had her claims been heard in court. [18-2] at 3. If Ceron Bran prevails, the FLSA and IMWL prescribe the available damages for the arbitrator to award. The

6

Agreement does not require the arbitrator to violate the laws, nor is there any basis for assuming that they would.

In contrast to the arbitrator's discretion on damages, the Agreement dictates that each party "*will* pay for their attorney." *Id.* at 4. The Seventh Circuit has held an arbitration clause unenforceable when it prohibited an award of attorneys' fees "regardless of the outcome of the arbitration" and thus limited the plaintiff's ability to recover under Title VII's mandatory fee-shifting provision. *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 680 (7th Cir. 2002); *see also, e.g.*, *Safranek v. Copart, Inc.*, 379 F. Supp. 2d 927, 930–35 (N.D. Ill. 2005) (same); *Severinghaus v. DocuSign, Inc.*, 2024 WL 1363714, at *4 (N.D. Ill. Mar. 28, 2024) (same). As with Title VII, the fee-shifting provision in the FLSA is a necessary part of the statutory scheme and "cannot be abridged by contract." *Barrentine*, 450 U.S. at 740. The Agreement's fee provision does not include the same language as the clause in *McCaskill*, but it has the same effect. Under the plain language, Ceron Bran would have to pay her own attorneys' fees and costs even if she prevailed. Therefore, it runs counter to the mandatory statutory provision and is unconscionable.

Although the fee provision is unenforceable, the enforceable provisions are not "so closely connected" to it that the fee provision cannot be severed. *Tortoriello v. Gerald Nissan of N. Aurora, Inc.*, 882 N.E.2d 157, 179 (Ill. App. Ct. 2008). In fact, its removal resolves potential conflict between its prescription of attorneys' fees and costs and the arbitrator's authority to award attorney's fees and costs, which is the only other provision addressing the topic. Additionally, the Agreement has a severability clause which "indicates that the parties intended for the lawful portions of the contract to be enforced in the absence of the unlawful portions." *Id.* at 180 (citation omitted). Thus, the Agreement may be enforced without the fee-shifting provision. *See, e.g.*, *Sanchez v. Alexandra Lozano Immigr. Law PLLC*, 2023 WL 4625780, at *2, *6–8 (N.D. Ill. July

19, 2023) (court severed "[t]he prevailing party will be awarded attorney fees and costs" clause from the arbitration clause as substantively unconscionable because "the fee-shifting scheme is central to the FLSA").

Having determined that Ceron Bran's claims against Popeyes will be sent to arbitration, the Court turns to her claims against the individual Defendants. Only Popeyes moved to compel arbitration, and the individual Defendants have not yet been served or appeared. If a Court intends to dismiss a complaint as to nonmoving defendants, it is generally required to give the plaintiff notice and an opportunity to respond. *Kowalski v. Boliker*, 893 F.3d 987, 996 (7th Cir. 2018). A court may, however, grant a motion to dismiss even as to nonmoving defendants where the "nonmoving defendants are in a position similar to that of moving defendants or where the claims against all the defendants are integrally related." *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1304 (7th Cir. 1988). The same logic applies to Popeyes' motion to compel arbitration, which removes Ceron Bran's claims from the Court's purview. Her claims against the individual Defendants are the same as her claims against Popeyes and only pertain to alleged actions conducted in the course of their employment with Popeyes. The Agreement specifically addresses that "disputes against supervisors and managers that involve [Ceron Bran's] employment" are subject to binding arbitration. Therefore, the Court finds that it is appropriate to compel arbitration of those claims as well. *See Koehler v. Packer Grp., Inc.*, 53 N.E.3d 218, 234–35 (Ill. App. Ct. 2016) ("Had the parties in this case wished to arbitrate future claims against the individual defendants [corporate representatives], they could easily have included an express provision to this effect in their agreement.").

As a final matter, Popeyes moves to dismiss the Complaint with prejudice. The Supreme Court has clarified that the plain language of Section 3 of the FAA requires a court to stay the

8

proceedings after sending the parties to arbitrate, rather than dismiss the case. *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024). Accordingly, the Court stays this case pending arbitration.

## Conclusion

For the reasons above, Popeyes' motion to compel arbitration and dismiss [18] is granted. The provision requiring parties to pay their own attorneys' fees is stricken as unconscionable because the FLSA and IMWL mandates fee shifting if Ceron Bran prevails. The remainder of the Agreement is enforceable and covers Ceron Bran's claims, so the Court orders the parties to arbitrate them in accordance with this Order. The Court stays the case pending arbitration.

**SO ORDERED.**

Dated: December 22, 2025

Sunil R. Harjani
United States District Judge